IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BOCKMAN, et al. : | |
| Plaintiffs : | Civil Case |
| : | |
| v. : | |
| : | |
| FIRST AMERICAN MARKETING : | No. 10-7412 |
| CORPORATION d/b/a KAEHALL : | |
| ESTATE PLANNING : | |
| COORDINATORS, et al., : | |
| Defendants : | |

MEMORANDUM

**Stengel, J.**                                                                                                  May 2, 2011

Paul Bockman, Yvonne Bockman, Charles Ervin, Robert N. Hubby, Kathryn P. Hubby, Joanne Podulka, Ian Richardson, and Douglas C. Schwarzwaelder filed a complaint against First American Marketing Corporation, doing business as Kaehall Estate Planning Coordinators, First American Capital Corporation, Margaret Hall, the Estate of Henry Hall, Stephen R. McCollom, Jeffrey Hall, Dennis G. Haley, Theodore C. Somerville, Darwin S. Webley, the Board of Directors of FAMC, the Board of Directors of FACC, and John and Jane Does, who were and/or are members of the Board of Directors of FAMC and FACC.

Defendants filed a motion to dismiss for improper venue. For the reasons set forth below, I will grant the motion.

I. Background

    A.    Current Litigation

Plaintiffs are shareholders of FAMC and/or FACC. Henry Hall was the Chairman of the board, treasurer, and chief executive officer of the corporations. On September 28, 2004, Mr. Hall passed away. His wife, Margaret Hall, succeeded to his ownership, interest, and control of the corporations.

The complaint alleges Stephen McCollom, Ms. Hall, the estate of Mr. Hall, and the board of directors have not acted in the best interests of the corporations or their shareholders. They have incorporated or assisted in the incorporation of an entity to compete with the corporations, paid themselves excessive salaries and other benefits, failed to make any distributions to the shareholders, invested in assets or businesses not related to the operation of the corporation, issued shares of the corporations to themselves or others for improper reasons and no or inadequate consideration, and wasted the corporations' assets.

Plaintiffs maintain Mr. Hall, Mrs. Hall, and Mr. McCollom engaged in ultra vires acts while acting in their capacities as officers, directors, and shareholders of FAMC and FACC. The acts negatively affected the corporations' financial strength, causing damage to the shareholders.

Plaintiffs next contend Mrs. Hall, Mr. McCollom, the estate of Mr. Hall, and the board of directors breached their fiduciary duty because they failed to act in the best

interests of the corporations. They failed to exercise sound business judgment, and intentionally and/or negligently failed to abide by the corporations' by-laws and by applicable laws. They failed to hold elections in accordance with the by-laws and failed to provide shareholders with the required notice, disclosures, and annual reports. Plaintiffs maintain the defendants engaged in self-dealing to the detriment of the corporations and their shareholders. They have not acted in the corporations' or shareholders' best interest because they used the corporations' assets to purchase condominiums in Hawaii, even though they were not related to the corporations' business.

Plaintiffs also contend the defendants breached the fiduciary duty owed to plaintiffs by causing the waste of FAMC's corporate assets. They maintain the defendants used the corporations' profits for their own benefit, to the detriment of plaintiffs, used their positions to obtain personal benefits not enjoyed by the shareholders, and, in bad faith, never made a distribution to the shareholders.

Plaintiffs' final contention is that the defendants' acts and omissions constitute oppressive and unfair conduct and the plaintiffs are oppressed minority shareholders.

B.  Prior Litigation

On January 14, 2005, Keith Ervin, Kimberly Ervin, James Garcia, Pauline Serfass, and Ronald Bresel filed a complaint against FAMC, FACC, Margaret Hall, and the Estate of Henry Hall. Mr. Ervin, Mrs. Ervin, Mr. Garcia, and Ms. Serfass were employees of, or

independent contractors for, the corporations. Complaint, <u>Ervin v. First Am. Marketing Corp.</u>, No. 05-00184 (E.D. Pa. filed Jan. 14, 2005). Three of the plaintiffs entered marketing agreements with the corporations, which contained a non-compete clause. The plaintiffs also were shareholders of the corporations. The plaintiffs terminated their employment relationship with the corporations on January 14, 2005. The complaint sought wages and commissions allegedly owed to the plaintiffs and also alleged the defendants committed ultra vires acts, did not act in the best interests of the corporations, and committed corporate waste. Defendants filed a motion to dismiss for lack of personal jurisdiction, which was denied. The case settled prior to trial.[1]

II. <u>DISCUSSION</u>

Where federal subject matter jurisdiction is based solely on diversity of citizenship, 28 U.S.C. §1391(a) governs the appropriate venue. Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A defendant-corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." § 1391(c).

---

[1] A later case was filed to enforce the settlement agreement. Complaint, <u>Ervin v. First Am. Mktg. Corp.</u>, 09-05465 (E.D. Pa. filed Nov. 16, 2009). On May 17, 2010, the case was dismissed without prejudice by agreement of the parties.

The plaintiffs rely on § 1391(c), arguing this court denied the defendants' motion to dismiss for lack of personal jurisdiction in a separate action filed in 2005 and, therefore, the corporations reside in this District. Venue is not proper under § 1391(a)(1), however, because, even if the corporate-defendants reside in this district, all defendants do not reside in Pennsylvania. Similarly, venue is not proper under § 1391(a)(3). Section 1391(a)(3) provides venue is proper in: "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Even if this court has personal jurisdiction over the defendants in this action, § 1391(a)(3) would not apply because the plaintiffs could have brought the action in another district, i.e., the District of Colorado.

Therefore, for venue to be proper, "a substantial part of the events or omissions giving rise to the claim" must have occurred in the Eastern District of Pennsylvania. § 1391(a)(2). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim[.]'" Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). "[T]he statute no longer requires a court to select the 'best' forum," id. (citing Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir.1994)), but "the weighing of 'substantial' may at times seem to take on that flavor," id. "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote

5

district having no real relationship to the dispute." Cottman Transmission Sys., Inc., 36 F.3d at 294.

Defendants submitted an affidavit of Stephen R. McCollom stating the principal place of business of FAMC and FACC is located in Denver, Colorado, and the corporations are incorporated in Maryland. It states the corporate officers and directors perform their duties and regularly hold meetings in Colorado and the corporate officers and directors have never held a meeting in Pennsylvania.

Plaintiffs rely on the brief submitted in 2005 opposing the motion to dismiss for lack of jurisdiction in the 2005 case. The brief states the corporate officers solicited shareholders in Pennsylvania, had a primary office in Pennsylvania, and the corporations' income was generated primarily from operations in Pennsylvania. Although the 2005 and 2010 complaints are similar, the complaints allege different claims. In particular, in addition to the claims alleging the defendants did not act in the corporations' best interests and committed corporate waste, the 2005 complaint had allegations based on employment of Pennsylvania residents and based on contracts the corporations signed with Pennsylvania residents. Moreover, the documents on which the brief opposing the motion to dismiss the 2005 complaint relied were based on facts as they existed five-and-a-half years ago.

The claims in the 2010 complaint are based on actions taken by the corporate officers and directors. The defendants have submitted an affidavit stating that all board

meetings occurred in Colorado and the defendants performed their duties in Colorado. The plaintiff presented no allegations or evidence to establish their claims in the 2010 complaint arose out of actions or inactions taken in Pennsylvania.[2] Even if defendants solicited shareholders in Pennsylvania, the allegations in the complaint are based on the defendants' misconduct toward existing shareholders, not on their misconduct toward prospective shareholders. Moreover, the shareholders' presence in Pennsylvania and the failure to give the Pennsylvania shareholders dividends does not establish that Pennsylvania is a proper venue. Cottman Transmission Sys., Inc., 36 F.3d at 295 (finding plaintiff's "non receipt" of materials and payment in Pennsylvania did not establish venue in Pennsylvania because "the omissions bringing about this result actually occurred in Michigan").

Although the defendants have been parties, both as defendants and as plaintiffs, in actions filed in the Eastern District of Pennsylvania, the Pennsylvania state courts, and the New Jersey state courts, that does not establish that the Eastern District of Pennsylvania is an appropriate venue for this litigation.

I will grant the defendants' motion to dismiss for improper venue.

An appropriate order follows.

---

[2] The plaintiffs maintain shareholder meetings have occurred in Pennsylvania, but present no evidence or affidavits to support this assertion.

7